UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>HARDY-BEACON, LLC, et al.,<br><br>            Debtors.<br><br>HARDY-BEACON, LLC, et al.,<br><br>            Appellants,<br><br>            v.<br><br>CAPITAL PACIFIC LLC-WASHINGTON.<br><br>            Appellee. | CASE NO. C13-1107JLR<br><br>Bankruptcy No. 11-18113-TWD<br><br>ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL AND DENYING MOTION FOR SANCTIONS |

    Before the court is Appellant Hardy-Beacon, LLC's motion to voluntarily dismiss this bankruptcy appeal (Mot. to Dismiss (Dkt. # 12)), and Appellee Capital Pacific, LLC's conditional objection thereto (Resp. (Dkt. # 17)) and motion for sanctions (Mot. for Sanctions (Dkt. # 15)).  Hardy-Beacon appealed an order of the bankruptcy court

ORDER - 1

approving an employment application and allowing an administrative expense claim. (*See* Tr. of Docs (Dkt. # 1) at 30-31.) Hardy-Beacon has barely filed anything in this matter: it filed a single stipulated motion to extend the deadline for its opening brief, then a motion for voluntary dismissal a month and a half later. (*See* Dkt.) Hardy-Beacon never filed any briefing on the merits of its appeal.

Capital Pacific agrees that the appeal should be dismissed, but argues that the court should first rule on its motion for sanctions. (Resp. at 1.) In its sanctions motion, Capital Pacific argues that it is entitled to costs under Bankrupcty Rule 8020. That rule states that sanctions are appropriate if a party files a "frivolous" appeal:

> If a district court or bankruptcy appellate panel determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion or notice from the district court or bankruptcy appellate panel and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

Bankr. R. 8020. An appeal is frivolous if the result is obvious or the appellant's arguments are wholly without merit. *In re Presidential Corp.*, 180 B.R. 233, 240 (9th Cir. BAP 1995).

The court DENIES Capital Pacific's motion for sanctions (Dkt. # 15). The court has not seen any briefing on the merits of this case and therefore cannot determine if the appeal is frivolous. The court has no way of knowing whether Hardy-Beacon's arguments have merit because Hardy-Beacon has not made any arguments at all in this appeal. *See id.* Without knowing Hardy-Beacon's arguments, and on a limited record, the court also cannot determine whether the result of the appeal is obvious. *See id.* The court has examined the record before it, including the order itself (*see* Tr. of Docs at 30-

31), and the Bankruptcy Judge's order denying a stay (Levin Decl. Ex. A (Dkt. # 16-1)) and concludes that it cannot even come close to determining whether the appeal is frivolous on this record. The underlying order was "fully litigated" in the Bankruptcy Court and was not decided until after two separate hearings. (Mot. for Sanctions at 3.) The record divulges that Hardy-Beacon believed it was asserting "two serious legal questions" on appeal. (Levin Decl. Ex. A at 4.) And while the Bankruptcy Judge determined that Hardy-Beacon was unlikely to succeed on the merits, that is not tantamount to a conclusion by this court that the result of the appeal is "obvious." (*See id.*) Indeed, the Bankruptcy Judge's findings were based largely on his assessment that a deferential standard of review would apply on appeal. (*See id.* at 4-6.) A deferential standard of review does not necessarily equate to an "obvious" result, nor does a finding by one judge that a party is unlikely to prevail in front of another judge. In light of this, Capital Pacific has not met its burden to show that sanctions are appropriate. The court will not award sanctions in a vacuum, without even knowing the arguments that would be raised on appeal, simply because one party claims the appeal lacks merit.

Accordingly, the court DENIES the motion for sanctions (Dkt. # 15), GRANTS Hardy-Beacon's motion for voluntary dismissal (Dkt. # 12), and OVERRULES Capital Pacific's conditional objection thereto (Dkt. # 17). This appeal is dismissed.

Dated this 7th day of October, 2013.

JAMES L. ROBART
United States District Judge

ORDER - 3