1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

16

17

18

19

20

21

22

In re:

HARDY-BEACON, LLC, et al.,

Debtors.

HARDY-BEACON, LLC, et al.,

Appellants,

v.

CAPITAL PACIFIC LLC-
WASHINGTON.

Appellee.

CASE NO. C13-1107JLR

Bankruptcy No. 11-18113-TWD

ORDER GRANTING MOTION
FOR VOLUNTARY DISMISSAL
AND DENYING MOTION FOR
SANCTIONS

Before the court is Appellant Hardy-Beacon, LLC's motion to voluntarily dismiss

this bankruptcy appeal (Mot. to Dismiss (Dkt. # 12)), and Appellee Capital Pacific,

LLC's conditional objection thereto (Resp. (Dkt. # 17)) and motion for sanctions (Mot.

for Sanctions (Dkt. # 15)).  Hardy-Beacon appealed an order of the bankruptcy court

ORDER - 1

1   approving an employment application and allowing an administrative expense claim.

2   (*See* Tr. of Docs (Dkt. # 1) at 30-31.)  Hardy-Beacon has barely filed anything in this

3   matter:  it filed a single stipulated motion to extend the deadline for its opening brief,

4   then a motion for voluntary dismissal a month and a half later.  (*See* Dkt.)  Hardy-Beacon

5   never filed any briefing on the merits of its appeal.

6          Capital Pacific agrees that the appeal should be dismissed, but argues that the

7   court should first rule on its motion for sanctions.  (Resp. at 1.)  In its sanctions motion,

8   Capital Pacific argues that it is entitled to costs under Bankrupcty Rule 8020.  That rule

9   states that sanctions are appropriate if a party files a "frivolous" appeal:

10         If a district court or bankruptcy appellate panel determines that an appeal
           from an order, judgment, or decree of a bankruptcy judge is frivolous, it
11         may, after a separately filed motion or notice from the district court or
           bankruptcy appellate panel and reasonable opportunity to respond, award
12         just damages and single or double costs to the appellee.

13  Bankr. R. 8020.  An appeal is frivolous if the result is obvious or the appellant's

14  arguments are wholly without merit.  *In re Presidential Corp.*, 180 B.R. 233, 240 (9th

15  Cir. BAP 1995).

16         The court DENIES Capital Pacific's motion for sanctions (Dkt. # 15).  The court

17  has not seen any briefing on the merits of this case and therefore cannot determine if the

18  appeal is frivolous.  The court has no way of knowing whether Hardy-Beacon's

19  arguments have merit because Hardy-Beacon has not made any arguments at all in this

20  appeal.  *See id.*  Without knowing Hardy-Beacon's arguments, and on a limited record,

21  the court also cannot determine whether the result of the appeal is obvious.  *See id.*  The

22  court has examined the record before it, including the order itself (*see* Tr. of Docs at 30-

ORDER - 2

1    31), and the Bankruptcy Judge's order denying a stay (Levin Decl. Ex. A (Dkt. # 16-1))

2    and concludes that it cannot even come close to determining whether the appeal is

3    frivolous on this record.  The underlying order was "fully litigated" in the Bankruptcy

4    Court and was not decided until after two separate hearings.  (Mot. for Sanctions at 3.)

5    The record divulges that Hardy-Beacon believed it was asserting "two serious legal

6    questions" on appeal.  (Levin Decl. Ex. A at 4.)  And while the Bankruptcy Judge

7    determined that Hardy-Beacon was unlikely to succeed on the merits, that is not

8    tantamount to a conclusion by this court that the result of the appeal is "obvious."  (*See*

9    *id.*)  Indeed, the Bankruptcy Judge's findings were based largely on his assessment that a

10   deferential standard of review would apply on appeal.  (*See id.* at 4-6.)  A deferential

11   standard of review does not necessarily equate to an "obvious" result, nor does a finding

12   by one judge that a party is unlikely to prevail in front of another judge.  In light of this,

13   Capital Pacific has not met its burden to show that sanctions are appropriate.  The court

14   will not award sanctions in a vacuum, without even knowing the arguments that would be

15   raised on appeal, simply because one party claims the appeal lacks merit.

16          Accordingly, the court DENIES the motion for sanctions (Dkt. # 15), GRANTS

17   Hardy-Beacon's motion for voluntary dismissal (Dkt. # 12), and OVERRULES Capital

18   Pacific's conditional objection thereto (Dkt. # 17).  This appeal is dismissed.

19          Dated this 7th day of October, 2013.

20

21   _____

22   JAMES L. ROBART
     United States District Judge

ORDER - 3